# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **E.M.**

**No. 19-0824** (Greenbrier County 18-JA-16)

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother S.T., by counsel Martha J. Fleshman, appeals the Circuit Court of Greenbrier County's August 8, 2019, order terminating her parental rights to E.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine A. Campbell, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Richard M. Gunnoe, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights by (1) failing to provide additional time to obtain appropriate housing, (2) failing to provide additional time to cease smoking, and (3) unnecessarily delaying reunification by suspending visitation with the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, the DHHR filed an abuse and neglect petition against petitioner and E.M.'s father alleging that E.M. was born drug-exposed.[2] The petition alleged that petitioner tested positive for Subutex, but she was unable to provide an explanation for the positive screen and denied using the drug. The petition further alleged that petitioner had previously had her rights to two other children involuntarily terminated. Finally, the petition alleged that petitioner lacked

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The petition alleged E.M.'s cord blood tested positive for opiates and morphine.

1

stable and suitable housing. Thereafter, the circuit court ratified the child's removal, and petitioner waived her preliminary hearing.

In May of 2018, the circuit court held an adjudicatory hearing wherein petitioner stipulated to "her illicit use of morphine, which resulted in the child having Neonatal Abstinence Syndrome." The circuit court adjudicated petitioner of abuse and neglect and found that the DHHR was not required to make reasonable efforts to reunify the family because she had a prior involuntary termination of parental rights. Petitioner then requested a post-adjudicatory improvement period, which the DHHR opposed. After testimony, the circuit court granted petitioner a three-month post-adjudicatory improvement period.

In December of 2018, the circuit court held a dispositional hearing where petitioner moved for a post-dispositional improvement period. The circuit court found that petitioner was "likely to fully participate" in the improvement period and that it was in the best interest of the child to allow her to participate. Accordingly, the circuit court granted petitioner a three-month post-dispositional improvement period with the same terms and conditions of her post-adjudicatory improvement period.

At a hearing in April of 2019, the circuit court found that "there was a substantial likelihood" petitioner would comply with an extension of her post-dispositional improvement period and extended her improvement period for one month, deferring a ruling on disposition. The child remained in the custody of the DHHR. In May of 2019, the circuit court held a review hearing to discuss petitioner's progress. At the hearing, the circuit court was made aware that E.M. had a respiratory condition prohibiting individuals from smoking around her. As a result, petitioner was required to cease smoking as a condition of her improvement period. Additionally, the DHHR provided petitioner a nicotine patch treatment under the guidance of a physician.

In July of 2019, the circuit court held a final dispositional hearing. At the hearing, petitioner moved for an extension of her post-dispositional improvement period. The DHHR and guardian ad litem opposed the requested extension and moved for petitioner's parental rights to be terminated. The DHHR alleged that petitioner was noncompliant with several terms of her improvement period. Notably, the DHHR alleged that petitioner had multiple positive drug screens during her improvement periods and was unable to secure housing. After the testimony of several witnesses, the circuit court found that petitioner had "failed to progress in her improvement periods," had "not secured stable housing," "provided positive drug screens," and "failed to comply with [a] nicotine patch treatment" to help her quit smoking, which exacerbated the child's respiratory disease. Additionally, the circuit court found that E.M. had been in the DHHR's custody for nearly her entire life and that it was not in her best interest to return to petitioner. Finally, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, given that she failed to follow through with the family case plan and associated services. Accordingly, the circuit court terminated petitioner's parental rights to the child.[3] It is from the August 8, 2019, dispositional order that petitioner appeals.

---

[3]E.M.'s father voluntarily relinquished his parental rights. The permanency plan is for E.M. to be adopted by her current foster family.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges three assignments of error. All three assignments of error effectively argue that petitioner should have received more time in her improvement period to correct the conditions of abuse and neglect that led to the petition.[4] However, the record reflects that petitioner received both a post-adjudicatory improvement period and post-dispositional improvement period, including an extension of each improvement period. In total, petitioner participated in multiple improvement periods from May of 2018 until the termination of her parental rights in July of 2019. Petitioner argues that the DHHR was not required to make efforts to terminate her parental rights when it did, given that West Virginia Code § 49-4-605(a)(1) requires the DHHR "to seek a ruling in any pending proceeding to terminate parental rights" when

> a child has been in foster care for 15 of the most recent 22 months as determined by the earlier of the date of the first judicial finding that the child is subjected to abuse or neglect or the date which is 60 days after the child is removed from the home

According to petitioner, this did not apply to the child herein. While it is true that the DHHR was not required to seek termination under this statute, this Court has nonetheless previously held that

> "[a]lthough it is sometimes a difficult task, the trial court must accept the fact that the statutory limits on improvement periods (*as well as our case law limiting the right to improvement periods*) dictate that there comes a time for

---

[4]In her second assignment of error, petitioner asserts that the circuit court erred in terminating her parental rights upon evidence that she failed to cease smoking because smoking was not included as an allegation in the abuse and neglect petition. While petitioner is correct that smoking was not listed in the petition, the requirement to cease smoking was made a condition of petitioner's post-dispositional improvement period. Given that petitioner agreed to comply with the terms and conditions of the improvement period, she has waived her right to challenge it on appeal.

decision, because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life."

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996) (emphasis added). Accordingly, it is clear that, absent either a statutory requirement for the DHHR to seek termination of petitioner's parental rights or a statutory prohibition upon further time for an improvement period under West Virginia Code § 49-4-610(9),[5] our prior holdings governing the circuit court's discretion in granting improvement periods or extensions permitted termination of petitioner's parental rights under the facts of this case.

Despite the extensive time involved in the case, petitioner argues that but for a premature termination of her improvement period she would have secured necessary housing and that she otherwise largely complied with the terms and conditions of her improvement period. While petitioner is correct that the record shows that she was, at times, compliant with the terms of her improvement period and that the circuit court permitted the improvement period to continue after multiple review hearings, she ignores the fact that her compliance was sporadic. Petitioner tested positive for opiates on multiple drug screens—despite denying that she abused drugs—and had difficulties maintaining stable and suitable housing throughout the proceedings. As such, the record is clear that despite several continuances of her improvement period, petitioner failed to maintain compliance with her improvement period throughout the proceedings. Ultimately, petitioner's assertion that she substantially complied with the improvement period ignores the fact that her lack of suitable housing, failure to stay drug free, and lack of candor with the circuit court were not remedied sufficiently to justify the return of the child to her care.

Finally, based on the evidence of petitioner's sporadic compliance and her failure to secure stable housing, remain drug free, and cease smoking, the circuit court found that petitioner failed to follow through with the DHHR's rehabilitative services. Importantly, this constitutes a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future under West Virginia Code § 49-4-604(c)(3) (2019).[6] On appeal, petitioner asserts that the circuit court's decision to terminate was improper when she was making substantial progress toward reunification. We disagree and find that the circuit court's order is specific and enumerates several areas where petitioner failed to make progress as the basis for the termination of her parental rights. The circuit court's findings are based on substantial evidence that petitioner was never fully compliant in her improvement period and failed to avail herself of many of the services offered. Moreover, the circuit court found that termination of petitioner's parental rights was in the child's best interests. According to West Virginia Code § 49-4-604(b)(6) (2019), circuit courts may terminate parental rights upon these findings. Further, we have long held that

---

[5]Pursuant to West Virginia Code § 49-4-610(9), "[n]otwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months."

[6]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record shows that the circuit court had ample evidence upon which to base these findings, and we decline to disturb them on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 8, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison